**IT IS ORDERED as set forth below:**

**Date: September 27, 2018**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBERS |
| | : | |
| LESLIE D. HUGHES, | : | BANKRUPTCY CASE |
| | : | 17-52260-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| LESLIE D. HUGHES, | : | ADVERSARY PROCEEDING |
| | : | NO. 17-5169-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| J.P. MORGAN CHASE AND | : | |
| RELATED SUBSIDIARIES, SETERUS, | : | |
| INC., FEDERAL NATIONAL | : | |
| MORTGAGE ASSOCIATION, | : | |
| BROCK & SCOTT, PLLC (LLC), and | : | |
| FIRST AMERICAN TITLE, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

### **ORDER**

Before the Court is a Motion for Leave to File Amended Complaint (Doc. 61) (the

"Motion") pursuant to Federal Rule of Civil Procedure 15(a)(2), made applicable to this

1

adversary proceeding by Federal Rule of Bankruptcy Procedure 7015.  The Motion seeks leave to amend a sixteen-count complaint (the "Complaint") filed by Leslie D. Hughes ("Plaintiff") against Brock & Scott ("B&S"), First American Title Insurance Company ("First American Title"), Federal National Mortgage Association ("Fannie Mae"), Seterus, Inc. ("Seterus"), and JPMorgan Chase Bank, N.A. ("JPMC") (collectively, the "Defendants").  The allegations in the Complaint involve real property located at 2270 Charleston Place, Lithia Springs, Georgia (the "Property") and mortgage loan transactions (the "Loans") between Plaintiff and Washington Mutual ("WaMu") in 2006, which resulted in the execution of a deed to secure debt on the Property (the "DSD").  Defendant First American Title opposes the Motion.[1]

Defendants previously filed motions to dismiss the Complaint (Docs. 16, 17, 24, 26) (the "Motions to Dismiss").  On April 13, 2018, the Court entered an Order granting in part and denying in part the Motions to Dismiss (the "Prior Order").  As the bulk of the factual and procedural background for this action is contained in the Prior Order, the Court now provides only the necessary additional details.

The Prior Order dismissed Counts 1, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16 17, and 18 of the Complaint as to all Defendants; dismissed Count 2 of the Complaint as to First American Title, Fannie Mae, JPMC, and B&S; and dismissed Counts 6 and 7 of the Complaint as to First American Title, Fannie Mae, JPMC, and Seterus.  The Prior Order left as the only potentially viable claims: (1) Counts 6 and 7 against B&S for violations of subsections 1692g(a)-(b) of the Fair Debt Collections Practices Act (the "FDCPA") and the Georgia Fair Business Practices Act; and (2) Count 2 against Seterus for violations of the Real Estate Settlement Procedures Act (the

---

[1] The Court did not consider the response of JPMorgan Chase Bank, N.A. (Doc. 64) or the opposition filed by Seterus and Fannie Mae in their Motion to Dismiss (Doc. 62), as they were not timely filed and the parties did not seek leave to file them out of time.  *See* BLR 7007-1(c) (Bankr. N.D. Ga.).

2

"Surviving Counts").  The Prior Order allowed Plaintiff the opportunity to amend the Surviving

Counts within twenty-one days and to amend the Complaint to comply with the requirements for

a private citizen filing a claim under the False Claims Act.  The Prior Order also made clear that

failure to do so would result in the dismissal of the remainder of the Complaint.

On April 26, 2018, Plaintiff filed an Emergency Motion for Reconsideration.  (Doc. 54).

While the Court denied Plaintiff's request to reconsider the dismissal of the various counts of the

Complaint, the Court did grant Plaintiff an extension of time to file the amendments to the

Surviving Counts (the "May 22nd Order").  Specifically, the Court gave Plaintiff fourteen days

from the date of the entry of the order to file the amendments.  The additional fourteen-day

period expired on June 5, 2018.

On June 1, 2018, Plaintiff filed the Motion, to which she attached a proposed amended

complaint (the "PAC").  Through the Motion, Plaintiff seeks permission to amend counts of the

Complaint that the Court dismissed on April 13, 2018, and to add two additional counts for

damages due to Defendants' failure to terminate the DSD and the negligent conduct of all

Defendants.

## I.  <u>Rule 15</u>

As Plaintiff's right to amend the Complaint as a matter of course has expired, *see* Fed. R.

Civ. P. 15(a)(1), Plaintiff may amend the Complaint only with Defendants' consent or with leave

of the Court, which, "Federal Rule of Civil Procedure 15(a) dictates . . . shall be freely given

'when justice so requires.'"  *Foster v. DeLuca*, 545 F.3d 582, 583-84 (7th Cir. 2008).  "In the

absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Rosen v.*

*TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992) (quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct.

227, 9 L.Ed.2d 222 (1962)).

However, the Court properly denies a motion for leave to file an amended complaint

"where the new claims asserted would be subject to dismissal as a matter of law."  *Hall v. United*

*Ins. Co. of America,* 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Burger King Corp. v. Weaver*,

169 F.3d 1310, 1320 (11th Cir.1999)); *see also Halliburton & Assocs., Inc. v. Henderson, Few &*

*Co.,* 774 F.2d 441, 444 (11th Cir. 1985) ("If a complaint as amended is still subject to dismissal,

leave to amend need not be given."); *No Straw, LLC v. Stout St. Funding, LLC*, 2013 WL

2951064, at \*7 (N.D. Ga. June 14, 2013) ("Since 'justice does not require district courts to waste

their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the

deficiencies in the original complaint or otherwise fails to state a claim.'" (quoting *Mizzaro v.*

*Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008)).  Accordingly, the Court will consider

whether the amended counts of the PAC would survive a motion to dismiss for failure to state a

claim.[2]

In this analysis, the Court must "'test the formal sufficiency of the statement of the claim

for relief'" rather than attempt to resolve "'a contest between the parties about the facts or the

substantive merits of the plaintiff's case.'" *Bihn v. Fifth Third Mortg. Co.,* 980 F. Supp. 2d 892,

897 (S.D. Ohio 2013) (citing 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and

Procedure § 1356 (3d ed. 2004)). "Further, for purposes of a motion to dismiss, the complaint

---

[2]  First American Title objects to the amendment of the dismissed claims because the claims were dismissed with prejudice by a final judgment.  The Court agrees that the dismissal was a dismissal with prejudice on the merits. However, the Court disagrees that the dismissal was pursuant to a final judgment, as the Court did not resolve all claims pending in the case and did not make a finding that there was no just reason for delay.  *See* F.R.C.P. 54(b); *see also In re Lissner Corp.*, 98 B.R. 812, 815 (N.D. Ill. 1989) (holding that an order dismissing a counterclaim without addressing all claims and not making "an express determination that there is no just reason for delay" was interlocutory).  Accordingly, Plaintiff retained the right to seek leave to amend the Complaint under Rule 15.

4

must be construed in the light most favorable to the plaintiff and its allegations taken as true." *Id.* "The court should not 'strain to find inferences favorable to the plaintiffs' or 'accept conclusory allegations, unwarranted deductions, or legal conclusions.'" *Bancroft Life & Cas. ICC, Ltd. v. GRBR Ventures, L.P.*, 12 F. Supp. 3d 980, 988 (S.D. Tex. 2014) (quoting *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005); *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

A. **Count 12 – Declaratory Relief**

In Count 16 of the Complaint, Plaintiff sought a declaration that she had rescinded the Loans in November 2006 and that, consequently, no party could have received after that date a valid security interest in the Property, leaving the Property unencumbered.  In the Prior Order, the Court determined that Plaintiff failed to demonstrate that the Loans had been rescinded under TILA because the transaction was exempt from TILA's right of rescission as a "residential mortgage transaction." *See Cooper v. Countrywide Home Loans Bank of Am.*, 2016 U.S. Dist. LEXIS 130363, at *8-9 (N.D. Ga. July 15, 2016), *adopted by* 2016 U.S. Dist. LEXIS 130362 (N.D. Ga., Aug. 25, 2016); *Morton v. Suntrust Mortg., Inc.*, 2010 U.S. Dist. LEXIS 128839, at *20 (N.D. Ga. Nov. 5, 2010), *adopted by* 2010 U.S. Dist. LEXIS 128840 (N.D. Ga. Dec. 3, 2010); 15 U.S.C. §§ 1635(a), (e).[3]  The Court further found that Plaintiff failed to demonstrate that the Loans had `been rescinded under Georgia law because: (1) federal law has preempted the Georgia Fair Lending Act, O.C.G.A. §§ 7-6A-1 et seq. ("GAFLA"); and (2) assuming Plaintiff had a right to rescind the Loan due to the fact that she was fraudulently induced to enter the contract with WaMu, the facts alleged failed to demonstrate that Plaintiff "promptly, upon

---

[3]  The Court noted that Plaintiff's reliance on cases, such as *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015) and *Paatalo v. J.P. Morgan Chase Bank*, 146 F. Supp.3d 1239 (D. Or. 2015), must fail, as these cases did not involve a "residential mortgage transaction."

5

discovery of the fraud, restore[d] or offer[ed] to restore to the other party whatever [s]he has

received by virtue of the contract if it is of any value," as required by O.C.G.A. § 13-4-60; *see*

*also Brown v. Techdata Corp.*, 238 Ga. 622, 626 (1977).

In the PAC, Plaintiff would again request declaratory relief that the contracts between

Plaintiff and WaMu, identified as Loan Nos. XXXXXX8896 ("Loan 8896") and XXXXXX5575

("Loan 5575") are unenforceable and, therefore, there is no longer a security interest outstanding

against the Property. In support of this request, Plaintiff asserts that the additional contract,

identified as Loan No. XXXX5273 ("Loan 5273") is also unenforceable. To the extent that the

unenforceability of Loan 5575 and Loan 5273 is based on the argument that the Loans were

rescinded, the Court finds no additional facts in the PAC that would alter the Court's earlier

conclusion that the Loans were not rescinded. Similarly, to the extent that the unenforceability

of Loan 5273 is based on Plaintiff's contentions, rejected in the Prior Order, that Loan 5273 is a

"new loan" to which Plaintiff was not a party, the Court finds no additional facts in the PAC that

would alter the Court's original conclusion that changing the loan numbers did not impact the

validity of the DSD.

Through the PAC, Plaintiff would clarify her position that Defendants lack standing to

oppose her contention that she rescinded the Loans because Defendants lack an interest in the

Loans and the DSD. As to JPMC, Plaintiff alleges that JPMC did not receive an ownership

interest in the Loans or the DSD when it purchased WaMu's assets on September 25, 2008, and

instead was the servicer of the Loans after Fannie Mae acquired the Loans and the DSD from

WaMu in 2006. *See* PAC ¶¶ 27, 31(j). Second, the PAC alleges that, at least as of January 27,

2017, Fannie Mae no longer owns the DSD. PAC, ¶¶ 40-41 ("On January 27, 2017 Royce [a

6

Fannie Mae representative] stated that Fannie no longer owns the security and the security is not in a pool of mortgages. . . .").[4]

Standing "'is a jurisdictional prerequisite to suit in federal court.'" *Chen v. Siemens Energy Inc.*, 467 F. App'x 852, 853 (11th Cir. 2012) (citation omitted). "To satisfy constitutional requirements, three factors must be present: (1) the party asserting standing must have suffered actual injury or been threatened with injury, (2) the injury must be traceable to the objectionable conduct, and (3) the relief requested must be likely to redress the injury." *Id.* (citing *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979 (11th Cir. 1990)). Other than Fannie Mae, the Defendants are not asserting a claim against Plaintiff and are simply defending themselves against Plaintiff's allegations that they violated state and federal law as a result of her rescission of the Loans. Further, it is not clear to the Court that the Article III standing requirements apply to a named defendant in an adversary proceeding, as "the Supreme Court has clearly articulated that no constitutional standing issue arises when, as here, a litigant attempts to assert the rights of a third party defensively." *In re 1031 Tax Group, LLC*, 439 B.R. 47, 60 (Bankr. S.D.N.Y. 2010) (citing *Warth v. Seldin*, 422 U.S. 490, 500 n.12 (1975)).

The facts pled in the PAC support the conclusion that Fannie Mae holds the DSD and, therefore, has standing to oppose Plaintiff's rescission argument. To the extent that prudential standing limitations would prevent Defendants from asserting the rights of Fannie Mae in their defense against Plaintiff's alleged violations of federal and state law, Seterus, JPMC, and B&S were acting as Fannie Mae's agents in regard to the Loans and DSD and, therefore, would be

---

[4] The PAC also makes the conclusory allegation that the Loan was satisfied in full on September 23, 2011, by JPMCs receipt of a "settlement payment" on account of its indemnification agreement with the FDIC. PAC, ¶ 110. However, there are no allegations in the PAC that JPMC received those funds as servicer on behalf of Fannie Mae, and Plaintiff's allegations suggest that Plaintiff accuses JPMC of misrepresenting its entitlement to the funds to the FDIC and receiving the funds on its own behalf and not remitting them to Fannie Mae as the rightful owner of the DSD. Assuming JPMC did do so, it would not change the fact that Plaintiff continues to owe a debt to Fannie Mae. Further, the FDIC or Fannie Mae, rather than Plaintiff, would have standing to complain about such conduct.

entitled to assert Fannie Mae's contractual rights defensively. *See United Food Imports, Inc. v. Baroody Imports, Inc.*, 2010 WL 1382342, at \*2 (D.N.J. Apr. 6, 2010).

Further, Plaintiff is requesting declaratory relief. "To proceed with a Declaratory Judgment Act claim, there must be an actual issue in controversy as opposed to one that is hypothetical or contrived, the case must not be the medium for securing an advisory opinion, the matter must be definite and concrete, the parties' positions must be defined and adversarial and the issues must be susceptible to judicial determination.'" *Campbell v. Wells Fargo Bank, N.A.*, 2015 WL 5797852, at \*5 (N.D. Ga. Aug. 12, 2015) (quoting *Kingsley v. State Farm Mut. Auto. Ins. Co.*, 353 F.Supp.2d 1242, 1254 (N.D. Ga. 2005)). "To show that a justiciable controversy exists and invoke a federal court's authority, Plaintiff . . . 'must show, at an irreducible minimum, that at the time the complaint was filed, [s]he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.'" *Id*. at \*6. "[T]he controversy 'must be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id*.; *see also High v. Mortg. Lenders Network*, 2013 WL 12101903, at \*7 (N.D. Ga. July 23, 2013), report and recommendation adopted, 2013 WL 12109756 (N.D. Ga. Sept. 24, 2013) ("Under both federal and state law, declaratory judgment may only be issued in cases of actual controversy between parties having adverse legal interests." (citing 28 U.S.C. § 2201(a); O.C.G.A. § 9-4-2(a); *MedImmune, Inc, v. Genentech, Inc*., 549 U.S. 118, 126-27 (2007); *Building Block Enters., LLC v. State Bank and Trust Co.*, 314 Ga. App. 147, 152 (2012)); *Aning v. Fed. Nat'l Mortg. Ass'n*, 2017 WL 2991802, at \*7 (N.D. Ga. Apr. 14, 2017), report and recommendation adopted, 2017 WL 2986626 (N.D. Ga. July 13, 2017) ("If no such controversy

8

exists, the case must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.").

The PAC does not allege that JPMC, First American Title, or B&S currently assert or will imminently assert an ownership interest or right in the Property. As to Fannie Mae and Seterus, the PAC does not allege sufficient facts to support Plaintiff's request for declaratory relief. The PAC alleges that Plaintiff granted a DSD on the Property to WaMu, that WaMu sold the DSD to Fannie Mae in 2006, and that Seterus is now the servicer of the loan on behalf of Fannie Mae. The PAC contains only the allegation that Plaintiff was told by an employee of Fannie Mae that Fannie Mae no longer owns the DSD. The PAC does not actually allege that Fannie Mae sold or transferred the DSD to any other party and contains no specific facts from which the Court could conclude that Fannie Mae no longer owns the DSD. *Ray v. Bank of Am., N.A.*, 2015 WL 11237043, at \*6 (N.D. Ga. May 21, 2015), report and recommendation adopted, 2015 WL 11256939 (N.D. Ga. July 28, 2015) ("In reviewing Defendants' Rule 12(b)(6) motions to dismiss the amended complaint, the Court has assumed 'that the factual allegations in the complaint are true and give[n] the plaintiff[ ] the benefit of reasonable factual inferences . . . . [But] unwarranted deductions of fact are not admitted as true . . . . Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true.'").

Accordingly, the Motion will be denied as to Count 12 of the PAC as to all Defendants, and Count 16 of the Complaint, as it is pled against all Defendants will remain dismissed.

### Count 1:  Failure to Take Action to Reflect Termination of Security Interest

Count 1 of the PAC appears to be a new count that was not previously pled in the Complaint. It contains no citation to federal or state statutes that would require Defendants to terminate the DSD. It appears to rely on Plaintiff's argument that she rescinded the Loan in 2006

as a basis for Defendants' liability.  To that extent, the Court has reviewed the PAC and finds no

additional facts that would alter the Court's earlier conclusion that Plaintiff had no right of

rescission.   To the extent that Plaintiff relies on any other basis for liability, Count 1 is not

sufficiently pled to put Defendants on notice of the claims against them.  For that reason, the

Motion will be denied as to the request to amend the Complaint to add Count 1 of the PAC.[5]

B. **Count 2:  RESPA**

In the Prior Order, the Court dismissed Count 2 as to all Defendants except Seterus,

because: (1) as to Fannie Mae, B&S, and First American Title, Plaintiff failed to allege that any

of these defendants were loan servicers; and (2) as to JPMC, Plaintiff failed to allege that

Plaintiff sent a QWR to JPMC.  The PAC would add no facts that would alter that conclusion.

Accordingly, the Motion will be denied as to the request for leave to amend Count 2 as to all

Defendants other than Seterus, and the PAC is deemed filed only as to Seterus in accordance

with the Prior Order, which specifically granted Plaintiff leave to amend Count 2 of the

Complaint with regard to Seterus.[6]

C. **Counts 3 and 4:  Intentional Infliction of Emotional Distress and Georgia Rico**

In the Prior Order, the Court dismissed Count 4 (intentional infliction of emotional

distress) and Count 5 (Georgia Rico violations) as to all Defendants for failure to state a claim.

---

[5] To the extent that Plaintiff would rely on O.C.G.A. § 44-14-3 to support her entitlement to damages resulting from Defendants' failure to terminate the DSD, the PAC does not allege that Plaintiff made "a written demand on the grantee for the liquidated damages" prior to filing suit, and therefore, any such claim would be subject to dismissal. *SunTrust Bank v. Hightower*, 291 Ga. App. 62, 67, 660 S.E.2d 745, 749 (2008); *Sapp v. Nationstar Mortg. LLC*, 2018 WL 1896417, at *2 (N.D. Ga. Mar. 14, 2018), report and recommendation adopted, 2018 WL 1905064 (N.D. Ga. Apr. 9, 2018).

[6] The Court acknowledges that RESPA also contains a private right of action for violations of the prohibition against a seller requiring a buyer to purchase title insurance from a particular title company and against "kickbacks or referral fees,"  12 U.S.C. § 2607(d), 2608.  The PAC, however, fails to a state claim on these bases because it alleges no facts regarding *the seller* of the Property and fails to "identify: (1) a payment or thing of value; (2) given by [Defendants] and received by [P]laintiffs' title agents, lawyers, brokers, lenders, or other third parties pursuant to an agreement to refer settlement business; and (3) an actual referral.  *Galiano v. Fid. Nat. Title Ins. Co.*, 684 F.3d 309, 314 (2d Cir. 2012).

Having reviewed the PAC, the Court finds no additional facts alleged that would alter the Court's conclusion that these claims fail to state a claim.  Accordingly, the Motion will be denied as to Counts 3 and 4 of the PAC, and Counts 4 and 5 of the Complaint will remain dismissed as to all Defendants.

### D.  **Count 5 and 6:  FDCPA and GFBPA**

The Prior Order dismissed Count 6 (FDCPA) and Count 7 (GFBPA) of the Complaint as to First American Title, Fannie Mae, JPMC, and Seterus because the facts alleged in the Complaint demonstrated that those defendants could not have been debt collectors within the meaning of the FDCPA with regard to the Loans, and, with regard to the GFBPA, because the GFBPA does not apply to conduct in connection with the origination of a residential mortgage. Under the facts alleged in the PAC, the Court would reach the same conclusions.

Accordingly, the Motion will be denied as to Counts 5 and 6 of the PAC to the extent it requests leave to amend Counts 6 and Count 7 of the Complaint as to First American Title, Fannie Mae, JPMC, and Seterus.  Counts 6 and Count 7 of the Complaint remain dismissed with regard to those Defendants. Counts 5 and 6 of the PAC are deemed filed only as to B&S in accordance with the Prior Order, which specifically granted Plaintiff leave to amend Counts 6 and 7 of the Complaint with regard to B&S.

### E.  **Count 7:  Unjust Enrichment/Disgorgement**

In the Prior Order, the Court dismissed Count 8 of the Complaint because the claim appeared to have been based solely upon Plaintiff's allegations that she continued making payments after the Loans had been rescinded and that she made payments on the invalid account allegedly originated fraudulently by Seterus and the Court had concluded that these two theories failed as a matter of law.  The PAC makes no additional factual allegations that would alter the

Court's conclusion that Count 8 of the Complaint failed to state a claim against First American Title, Fannie Mae, Seterus, and B&S.  In the PAC, however, Plaintiff clarifies her argument that JPMC was unjustly enriched by her payments to JPMC because JPMC did not own the Loan or the DSD.

"The doctrine of unjust enrichment applies 'when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for.'" *GMAC Mortg., LLC v. Pharis*, 328 Ga. App. 56, 61–62, 761 S.E.2d 480, 484–85 (2014) (quoting *Tuvim v. United Jewish Communities*, 285 Ga. 632, 635(2), 680 S.E.2d 827 (2009)).

The PAC alleges that Fannie Mae, rather than JPMC, owned the DSD.  The PAC also alleges that JPMC serviced the Loan on behalf Fannie Mae.  *See* PAC, ¶ 31(j).  If, as the PAC alleges, JPMC had the right to collect payment as the servicer, JPMC could not have been unjustly enriched by receiving payment from Plaintiff on Fannie Mae's behalf.  Count 7 of the PAC, therefore, would fail to state a claim for unjust enrichment against any of the Defendants. Accordingly, the Motion will be denied as to Count 7 of the PAC as to all Defendants, and Count 8 of the Complaint will remain dismissed as to all Defendants.

F. **Count 8:  Wrongful Attempted Foreclosure**

In the Prior Order, the Court dismissed Count 10 of the Complaint (Wrongful Attempted Foreclosure) because the claim appeared to have been based solely upon Plaintiff's allegation that the Loans had been rescinded and, therefore, Plaintiff no longer owed a debt of which she could have been in default, or that the foreclosures attempted sought payment of an invalid account originated fraudulently when Seterus unilaterally changed the account number of

12

Plaintiff's loan.  The Court concluded that, as a matter of law, neither of these arguments could

support a finding that Plaintiff no longer owed a debt secured by the Property.

To assert a claim for attempted wrongful foreclosure, a plaintiff must allege "a knowing

and intentional publication of untrue and derogatory information concerning the debtor's

financial condition, and that damages were sustained as a direct result of this publication."

*Jenkins v. McCalla Raymer, LLC*, 492 F. App'x 968, 972 (11th Cir. 2012) (citing *Aetna Fin. Co.*

*v. Culpepper*, 171 Ga. App. 315, 320 S.E.2d 228, 232 (1984)).  If the Motion is granted, the PAC

would allege only that "Defendants have ignored the 2006 extinguishment of the alleged debt

listed in the publications dated September 6, 2016 and January 10, 2017."  PAC, ¶ 166.

The PAC does not allege that First American Title ever attempted to foreclose on the

Property.   Second, as to JPMC, Seterus, Fannie Mae, and B&S, the PAC alleges attempted

foreclosures in 2011, late 2016, and early 2017.  The PAC does not allege any facts from which

the Court could find that Plaintiff did not owe a debt to some party or that she was not in default

of that debt at the time Defendants initiated the foreclosure process.  *See Alexander v. Bank of*

*America, N.A.*, 2014 WL 106349, at *5 (N.D. Ga. Jan. 10, 2014) (dismissing attempted wrongful

foreclosure claim where the plaintiff did not dispute his default on the underlying obligation but

simply disputed whether the defendant was the proper entity to call his loan into default).  The

PAC, therefore, fails to allege a claim for wrongful attempted foreclosure against Defendants

because it "'makes no plausible allegation that [Plaintiff] was not in default and therefore a

foreclosure notice suggesting that [s]he was could not falsely impugn the plaintiff's financial

condition.'"[7] *Broughton v. SunTrust Mortg., Inc.*, 2013 WL 12109418, at *5 (N.D. Ga. Sept. 3,

2013), report and recommendation adopted in part, 2013 WL 12109876 (N.D. Ga. Nov. 7, 2013)

---

[7]  Although Plaintiff has maintained throughout this case that JPMC "manufactured the default" that occurred in
2011 by instructing her to not pay her payments, Plaintiff has specifically alleged that she "stopped making
payments" in 2011 prior to the attempted foreclosure.  PAC, ¶ 21.

13

(quoting *Ezuruike v. Bank of New York Mellon*, 2012 WL 3989961, at \*2 (N.D. Ga. Sept. 11, 2012)).

Accordingly, the Motion will be denied as to Count 8 of the PAC as to all Defendants, and Count 10 of the Complaint will remain dismissed as to all Defendants.

### G. **Count 9:  Slander of Title**

The Prior Order dismissed Count 12 of the Complaint (slander of title) on the basis that the factual allegations relevant to this claim were that Defendants "published" their assertions of the validity of the DSD, which Plaintiff believed had been rendered void when she rescinded the Loan.   The Prior Order concluded that any claim for slander of title on that basis would necessarily fail because the Court concluded that Plaintiff lacked a right of rescission with regard to the Loan.  The PAC would add no new facts relevant to this claim.  The PAC would clarify Plaintiff's allegation that JPMC was not the holder of the DSD when it attempted to foreclose in 2011.

Under Georgia law, "[t]he owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." *Cornelius v. Bank of Am., N.A.*, 2012 WL 4468746, at \*4 (N.D. Ga. Sept. 27, 2012), aff'd sub nom. *Cornelius v. Bank of Am., NA*, 585 F. App'x 996 (11th Cir. 2014) (quoting O.C.G.A. § 51–9–11).  "In order to sustain an action of this kind, plaintiff must allege and prove 'the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered.'" *Id.* (quoting *Latson v. Boaz*, 278 Ga. 113, 114, 598 S.E.2d 485 (2004)).  A person who asserts a claim of slander of title can "recover only such special damages as [she] actually sustained as a consequence of the alleged wrongful acts, and [he is] required to plead

them plainly, fully, and distinctly." *Id.; see also Young v. Bank of Am. Corp.*, 2012 WL

13018309, at \*8 (N.D. Ga. Nov. 1, 2012), report and recommendation adopted sub nom. *Young*

*v. Bank of Am., N.A.*, 2013 WL 12249543 (N.D. Ga. Jan. 23, 2013).

As in the case of *Peterson v. Merscorp Holdings, Inc.*, 2012 WL 3961211, at \*3 (N.D.

Ga. Sept. 10, 2012), Plaintiff's slander of title claim rests on the alleged publication by JPMC of

a notice of foreclosure sale of the Property and the allegation that JPMC was not the proper party

to foreclose because the Assignment from WaMu to JPMC was fraudulent and JPMC never

acquired ownership of the DSD.   "However, [Plaintiff does] not explain how the false

identification of a creditor on a notice of foreclosure would slander [her] title and cause [her]

special damages. In other words, even if [JPMC] was not actually the legitimate owner" of the

DSD, Plaintiff has "failed to allege how [JPMC's] asserted interest in the Property actually

caused [her] any harm. Not surprisingly, as [Plaintiff] had apparently ceased paying [her]

mortgage, [she] could not claim that no one was in a position to foreclose on the Property," and

she simply alleges that JPMC was not the appropriate entity. *Id.*

For these reasons, the Motion will be denied as to Count 9 of the PAC as to all

Defendants, and Count 12 of the Complaint will remain dismissed as to all Defendants.

H. **Count 10:  Quiet Title**

The Prior Order dismissed Count 14 of the Complaint (Quiet Title) because the claim

appeared to have been based solely on Plaintiff's mistaken belief that she rescinded the Loans.

In the PAC, Plaintiff pleads no facts that would state a quiet title claim against any of the

Defendants.

"O.C.G.A. § 23-3-62 sets forth the statutory requirements of a petition to quiet title

against all the world." *Montia v. First-Citizens Bank & Tr. Co*., 341 Ga. App. 867, 869, 801

S.E.2d 907, 909 (2017). "A petition must contain, among other things, a 'specification of the petitioner's interest in the land[.]'" *Id.* (citing O.C.G.A. § 23-3-62(b)). "A grantor of a deed to secure debt who has not paid the debt has no legal title to the property at issue." *Id.* (citing *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132 (2), 543 S.E.2d 755 (2000); *see also Milani v. OneWest Bank*, 2011 WL 13217840, at *8 (N.D. Ga. June 15, 2011) ("Plaintiff has not asserted facts showing that he holds record or prescriptive title to the Property.").

First, as to JPMC, First American Title, Seterus, and B&S, the PAC does not allege that these defendants are asserting any ownership interest in the Property. *New Rose Tr. v. DLJ Mortg. Capital, Inc.*, 2015 WL 12227732, at *3 (N.D. Ga. July 16, 2015), report and recommendation adopted *New Rose Tr. v. DLJ Mortg. Capital, Inc.*, 2015 WL 11978787 (N.D. Ga. Aug. 6, 2015) ("Plaintiffs do not have a claim for quiet title against McCalla Raymer given that McCalla Raymer is not asserting any ownership or security interest in the property.").

Second, as to Fannie Mae, the PAC alleges that Plaintiff granted a DSD with regard to the Property and does not allege that Plaintiff has satisfied the full amount of the debt secured by the Property. In fact, Plaintiff states the opposite in the PAC and argues that she does not have to tender full payment of the debt because she rescinded it. For all of these reasons Plaintiff's request in the PAC to quiet title to the Property would fail. The Motion will be denied as to Count 10 of the PAC as to all Defendants, and Count 14 of the Complaint will remain dismissed as to all Defendants.

I. **Count 11:  True and Accurate Accounting**

In the Prior Order, the Court dismissed Count 15 of the Complaint (True and Accurate Accounting) because contracts "commonly used by homeowners," such as mortgage loan agreements, are not the type of "complicated and intricate" accounts that require an equitable

accounting" under Georgia law.  The PAC alleges no new facts that would alter this conclusion.

Accordingly, the Motion will be denied as to Count 11 of the PAC as to all Defendants, and

Count 15 of the Complaint will be dismissed as to all Defendants.

J.   **Count 13-  Negligence/Negligence Per Se**

If allowed leave to amend, Plaintiff would add a new Count 13 of the PAC, in which

Plaintiff seeks actual and damages punitive damages for negligence per se arising from the

Defendants' breach of the duty to exercise fairly and in good faith the power of sale.  *See* PAC,

¶¶ 199-201, Prayer for Relief, ¶M.   Plaintiff relies on O.C.G.A. § 51-1-6, which states that

"[w]hen the law requires a person to perform an act for the benefit of another or to refrain from

doing an act which may injure another, although no cause of action is given in express terms, the

injured party may recover for the breach of such legal duty if he suffers damage thereby."

To  establish  a  negligence  claim,  Plaintiff  presumably  relies  on  Defendants'  alleged

conduct  in  exercising  a  power  of  sale  in  contravention  of  O.C.G.A.  §  23–2–114,  which

"mandates that powers of sale be fairly exercised . . . ."  *Stimus v. CitiMortgage, Inc*., 2011 WL

2610391,  at  *6  (M.D.  Ga.  July  1,  2011).   However,  the  PAC  makes  no  allegation  that  any

Defendant ever exercised the power of sale in the DSD.  *See Bloomer v. Wells Fargo Bank, N.A.*

*by  &  through  Wells  Fargo  Mortg*.,  2013  WL  12180761,  at  *8  (S.D.  Ga.  June  17,  2013)

("However, Defendant did not sell the Property. Consequently, it did not exercise its power of

sale—negligently or otherwise . . . .").  For this reason, Plaintiff's negligence claim would fail as

to all Defendants and the Motion will be denied as to Count 13 of the PAC as to all Defendants.

II.  **Conclusion**

For the reasons stated above, it is hereby

**ORDERED** that the Motion to Amend the Complaint is **DENIED;**

17

**IT IS FURTHER ORDERED** that the PAC is deemed filed only as to those counts of

the PAC which the Court previously granted Plaintiff leave to amend;

**IT IS FURTHER ORDERED** that, as to all of the dismissals ordered in the Prior Order,

the Court finds that there is no just reason for delay.

**END OF DOCUMENT**

# DISTRIBUTION LIST

Leslie D. Hughes
2270 Charleston Place
Lithia Springs, GA 30122

Brian Frederick Hansen
Kutak Rock LLP
Suite 2750, 303 Peachtree Street, N.E.
Atlanta, GA 30308

Robert J. Solomon
Solomon Baggett, LLC
3763 Rogers Bridge Road
Duluth, GA 30097

Mallory Velten
Brock & Scott, PLLC
4360 Chamblee Dunwoody Road, Suite 310
Atlanta, GA 30341

Thomas M. Barton
COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046

Shaun M. Daugherty
Coles Barton LLP
Suite 2900, 191 Peachtree Street, NE
Atlanta, GA 30303-1775

Aaron P.M. Tady
Coles Barton LLP
Suite 100 , 150 South Perry Street
Lawrenceville, GA 30046

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200, 260 Peachtree Street, NW
Atlanta, GA 30303