**IT IS ORDERED as set forth below:**

**Date: September 27, 2018**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| LESLIE D. HUGHES, | : | BANKRUPTCY CASE |
| | : | 17-52260-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| LESLIE D. HUGHES, | : | ADVERSARY PROCEEDING |
| | : | NO. 17-5169-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| J.P. MORGAN CHASE AND | : | |
| RELATED SUBSIDIARIES, SETERUS, | : | |
| INC., FEDERAL NATIONAL | : | |
| MORTGAGE ASSOCIATION, | : | |
| BROCK & SCOTT, PLLC (LLC), and, | : | |
| FIRST AMERICAN TITLE, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the motion to dismiss (the "Motion") filed by Federal National

Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus", and collectively with Fannie

1

Mae, the "Defendants") (Doc. 62).  The Motion seeks dismissal of an amended complaint (the "Amended Complaint") filed by Leslie D. Hughes ("Plaintiff") against the Defendants for failure to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Debtor opposes the Motion.

### I. Standard for Motion to Dismiss

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails "to state a claim upon which relief can be granted."  *See* Fed. R. Civ. P. 12(b)(6)).  "Rule 8(a)(2) of the Federal Rules of Civil Procedure [the "Federal Rules"] requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  The complaint need only provide enough information to give a defendant fair notice of the plaintiff's claim and the grounds the claim is based on."  *Broner v. Wash. Mut. Bank, Fa*, 258 F. App'x 254, 256 (11th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)).[1]

When considering dismissal of a complaint due to the plaintiff's failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested.  The Court must also draw all reasonable inferences in the light most favorable to the non-moving party.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White* 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass'n*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  Legal conclusions, labels, and unsupportable assertions, however, are not entitled to a presumption of truth and "must be supported by [specific] factual allegations."  *See Ashcroft v.*

---

[1] Rule 7008 incorporates Federal Rule 8 in adversary proceedings.  Fed. R. Bankr. P. 7008.

*Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc*., 326 F.3d 1183, 1185 (11th Cir. 2003).

Moreover, in *Twombly*, the Supreme Court held that the Court must dismiss a case where the well pled facts do not state a claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 554-56). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," or when the plaintiff can establish the necessary elements of the cause of action. *Id*.; *see also In re Clower*, 463 B.R. 573, 576 (Bankr. N.D. Ga. 2011) (Drake, J.). The factual allegations in the complaint need not be fully developed, but they must include sufficient factual information to provide the grounds on which the claim rests, and they "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Nonetheless, the Court need not accept as true "formulaic" or "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 663-64.

Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Bankruptcy Local Rules, *Grew v. Hopper*, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (unpublished) ("Although we construe them liberally, *pro se* complaints also must comply with

the procedural rules that govern pleadings."). The Court does not have a "license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 427 (11th Cir. 2012) (unpublished) (internal marks and citations omitted).

## II. Procedural History

Defendants previously filed a motion to dismiss Plaintiff's complaint (the "Complaint") (Docs. 24) (the "First Motion to Dismiss"). On April 13, 2018, the Court entered an Order granting in part and denying in part the First Motion to Dismiss (the "Prior Order"). As the bulk of the factual and procedural background for this action is contained in the Prior Order, the Court now provides only the necessary additional details.

The Prior Order dismissed all counts of the Complaint as to Fannie Mae and Seterus except for Count 2, which the Court granted leave to Plaintiff for the purpose of amending as to Seterus (the "Surviving Count"). The Prior Order also allowed Plaintiff the opportunity to amend the Complaint to comply with the requirements for a private citizen filing a claim under the False Claims Act.

On June 1, 2018, Plaintiff filed a motion for leave to amend the Complaint, to which she attached a proposed amended complaint (the "PAC"). In an order dated September 27, 2018, the Court denied the motion for leave to amend the counts of the Complaint that the Court had not previously granted leave to amend and deemed the PAC filed as to the Surviving Count and any claim under the False Claims Act.

## III. Conclusions of Law

In the Prior Order, the Court explained that to state a *prima facie* claim for a RESPA violation, Plaintiff must allege that (1) the defendant is a loan servicer; (2) the defendant received

4

a written request relating to servicing of a mortgage loan; (3) the defendant failed to respond adequately; and (4) plaintiff is entitled to actual or statutory damages. 12 U.S.C. § 2605(f); *Tonea v. Bank of Am, N.A.*, 6 F. Supp. 3d 1331, 1346 (N.D. Ga. 2013). For a loan servicer to be obligated to respond, the QWR must request information "related to the servicing of the loan." *See, e.g.*, *Sheely v. Bank of Am., N.A.*, 36 F. Supp. 3d 1364, 1369 (N.D. Ga. 2014); *accord Hudgins v. Seterus, Inc.*, 192 F. Supp. 3d 1343, 1348-49 (S.D. Fla. 2016). Additionally, the QWR must have actually been received by the defendant. *Hellhoff v. Caliber Home Loans*, 2014 U.S. Dist. LEXIS 189192, *16-17 (N.D. Ga. Oct. 21, 2014) (granting motion to dismiss where plaintiff failed to allege the address to which she sent the purported QWRs or that the servicer received them because, citing to 12 U.S.C. § 2605(e)(1)(A), only receipt of the QWR gives rise to the loan servicer's duty to respond).

As to Seterus, the Court noted that: (1) Count 2 of the Complaint failed to allege that Plaintiff sent to Seterus QWRs about the servicing of the Loan or that Seterus' failure to respond to the QWRs caused damage to Plaintiff; (2) the Complaint stated only that Plaintiff sent QWRs to Seterus concerning the origination of the Loan; and (3) that the letters Plaintiff attached as Exhibit 17 to the Complaint confirmed this. The Plaintiff, however, had alleged in the Complaint that she sent two other letters dated December 16, 2015, and December 27, 2015, but these letters were not attached to the Complaint and were not provided in any of Plaintiff's responses to the Motions or quoted from in any manner that might lead the Court to conclude that the letters could have been QWRs. The Court granted Plaintiff leave to amend the Complaint to either add factual allegations to support Count 2 or attach the missing correspondence.

A review of the Amended Complaint confirms that the Amended Complaint does not cure the pleading deficiencies noted by the Court in the Prior Order. The December 16, 2015, and December 27, 2015, correspondence is not attached to the Amended Complaint, and there are no additional facts alleged in the Amended Complaint that would alter the Court's conclusion in the Prior Order that Count 2 fails to state a claim against Seterus. Additionally, Plaintiff has not amended the Complaint to comply with the requirements for filing a claim under the False Claims Act against Fannie Mae or Seterus.

### IV. <u>Conclusion</u>

For the reasons stated above, it is hereby

**ORDERED** that the Motion is **GRANTED**;

**IT IS FURTHER ORDERED** that Count 2 of the Amended Complaint is **DISMISSED** as to Seterus;

**IT IS FURTHER ORDERED** that, to the extent the Complaint asserted a claim under the False Claims Act against Seterus or Fannie Mae, any such claim is **DISMISSED;**

**IT IS FURTHER ORDERED** that, to the extend the Complaint asserted a claim under the False Claims Act against any other defendant, any such claim is **DISMISSED**;

**IT IS FURTHER ORDERED** that, as to these dismissals, the Court finds that there is no just reason for delay.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Leslie D. Hughes
2270 Charleston Place
Lithia Springs, GA 30122

Brian Frederick Hansen
Kutak Rock LLP
Suite 2750, 303 Peachtree Street, N.E.
Atlanta, GA 30308

Robert J. Solomon
Solomon Baggett, LLC
3763 Rogers Bridge Road
Duluth, GA 30097

Mallory Velten
Brock & Scott, PLLC
4360 Chamblee Dunwoody Road, Suite 310
Atlanta, GA 30341

Thomas M. Barton
COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046

Shaun M. Daugherty
Coles Barton LLP
Suite 2900, 191 Peachtree Street, NE
Atlanta, GA 30303-1775

Aaron P.M. Tady
Coles Barton LLP
Suite 100 , 150 South Perry Street
Lawrenceville, GA 30046

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200, 260 Peachtree Street, NW
Atlanta, GA 30303