**IT IS ORDERED as set forth below:**

**Date: March 28, 2019**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| LESLIE D. HUGHES, | : | BANKRUPTCY CASE |
| | : | 17-52260-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| LESLIE D. HUGHES, | : | ADVERSARY PROCEEDING |
| | : | NO. 17-5169-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| J.P. MORGAN CHASE AND | : | |
| RELATED SUBSIDIARIES, SETERUS, | : | |
| INC., FEDERAL NATIONAL | : | |
| MORTGAGE ASSOCIATION, | : | |
| BROCK & SCOTT, PLLC (LLC), and | : | |
| FIRST AMERICAN TITLE, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is *Plaintiff's Combined Motions to Alter or Amend Judgment and Requests for Oral Arguments* (Doc. 70) (the "Motion"), in which Leslie D. Hughes ("Plaintiff")

1

seeks reconsideration of an order denying her motion, pursuant to Federal Rule of Civil Procedure 15(a)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, seeking leave to amend a sixteen-count complaint (the "Complaint"). Plaintiff filed the Complaint against Brock & Scott ("B&S"), First American Title Insurance Company ("First American Title"), Federal National Mortgage Association ("Fannie Mae"), Seterus, Inc. ("Seterus"), and JPMorgan Chase Bank, N.A. ("JPMC") (collectively, the "Defendants"). The allegations in the Complaint involve real property located at 2270 Charleston Place, Lithia Springs, Georgia (the "Property") and mortgage loan transactions (the "Loans") between Plaintiff and Washington Mutual ("WaMu") in 2006, which resulted in the execution of a deed to secure debt on the Property (the "DSD"). Defendants First American Title (Doc. 75), JPMC (Doc. 76), Fannie Mae, and Seterus (Doc. 74) oppose the Motion.

Defendants previously filed motions to dismiss the Complaint (Docs. 16, 17, 24, 26) (the "Motions to Dismiss"). On April 13, 2018, the Court entered an Order granting in part and denying in part the Motions to Dismiss (the "April Order"). The April Order dismissed Counts 1, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16 17, and 18 of the Complaint as to all Defendants; dismissed Count 2 of the Complaint as to First American Title, Fannie Mae, JPMC, and B&S; and dismissed Counts 6 and 7 of the Complaint as to First American Title, Fannie Mae, JPMC, and Seterus. The April Order left as the only potentially viable claims:

(1) Counts 6 and 7 against B&S for violations of subsections 1692g(a)-(b) of the Fair Debt Collections Practices Act (the "FDCPA") and the Georgia Fair Business Practices Act; and

(2) Count 2[1] against Seterus for violations of the Real Estate Settlement Procedures Act (the "Surviving Counts").

---

[1] The Court dismissed this claim on September 27, 2018, upon the motion to dismiss of Seterus. See Doc. 67.

2

The April Order allowed Plaintiff the opportunity to amend the Surviving Counts within twenty-one days and to amend the Complaint to comply with the requirements for a private citizen filing a claim under the False Claims Act. The April Order also made clear that failure to do so would result in the dismissal of the remainder of the Complaint.

On April 26, 2018, Plaintiff filed an Emergency Motion for Reconsideration. (Doc. 54). While the Court denied Plaintiff's request to reconsider the dismissal of the various counts of the Complaint, the Court did grant Plaintiff an extension of time to file the amendments to the Surviving Counts (the "May 22nd Order"). Specifically, the Court gave Plaintiff fourteen days from the date of the entry of the order to file the amendments. The additional fourteen-day period expired on June 5, 2018.

On June 1, 2018, Plaintiff filed a motion for leave to amend the Complaint (the "Motion for Leave to Amend"), to which she attached a proposed amended complaint (the "PAC"). Through the Motion for Leave to Amend, Plaintiff sought permission to amend counts of the Complaint that the Court dismissed on April 13, 2018, and to add two additional counts for damages due to Defendants' failure to terminate the DSD and the negligent conduct of all Defendants.

On September 27, 2018, the Court denied the Motion for Leave to Amend after concluding that, because the PAC failed to state a claim upon which relief could be granted, the proposed amendment would be futile (the "September Order") (Doc. 66). On October 11, 2018, Plaintiff filed the Motion, seeking reconsideration of the September Order and requesting oral argument (Doc. 70). Because oral argument would not assist the Court in resolving these matters, the request for oral argument will be denied.

On October 17, 2018, Plaintiff filed *Plaintiff's Combined Motions for Leave to*

*Supplement and Amend Plaintiff's Request for Reconsideration and a Motion to Strike* (Doc. 71) (the "Motion to Supplement"). To the extent that the Motion to Supplement seeks permission to supplement the Motion, it is **GRANTED** in part, such that the Court has considered the supplemental information and has viewed Plaintiff's request as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. Any other relief requested in the Motion to Supplement is **DENIED**, as it does not appear from the Motion to Supplement that Plaintiff seeks relief available under Rule 12(f).

As the factual and procedural background for this action is contained in the April Order and the September Order, the Court will not restate the facts. Under Rule 54(b), the Court may revise its decision "at any time before the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *see also In re Otero County Hospital Association, Inc*., 585 B.R. 161, 165 (Bankr. D.N.M. 2018). "Though Rule 54(b) does not provide any guidelines for determining whether reconsideration of a non-final order is appropriate, courts within the Eleventh Circuit have agreed that 'a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) the need to correct clear error or prevent manifest injustice.'" *In re White*, 2017 WL 2601891, at *2 (Bankr. N.D. Ga. June 15, 2017) (Hagenau, J.); *see also Ankeney v. Zavaras*, 524 F. App'x 454, 458, 2013 WL 1799997, at *3 (10th Cir. 2013); *In re Sciortino*, 561 B.R. 245, 250 (Bankr. N.D. Ga. 2016) (Ellis-Monro, J.).[2]

In the Motion, Plaintiff seeks reconsideration of the September Order and, by way of the Motion to Supplement, Plaintiff also seeks reconsideration of the April Order. The Court will not reconsider the April Order, as Plaintiff previously sought reconsideration of the April Order and

---

[2] Plaintiff also seeks reconsideration under Rule 59 and Rule 60(b). To the extent that either standard applies to any portion of the relief sought, the Court concludes that Plaintiff's recent filings do not satisfy either standard for the same reason they do not satisfy Rule 54.

4

the Court denied such relief in the May 22nd Order. See BLR 9023-1 (stating that parties "shall not file motions to reconsider the Bankruptcy Court's denial of a prior motion for reconsideration"). Further, Plaintiff's most recent filings include nothing that would warrant reconsideration of the May 22nd Order.

Similarly, nothing in the Motion provides a basis for this Court to reconsider the September Order. Plaintiff simply argues that the Court's analysis is wrong and that the Court has misapprehended the nature of her claims.

For the reasons stated above, it is hereby

**ORDERED** that *Plaintiff's Combined Motions to Alter or Amend Judgment and Requests for Oral Argument* (Doc. 70) is **DENIED**.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Leslie D. Hughes
2270 Charleston Place
Lithia Springs, GA 30122

Brian Frederick Hansen
Kutak Rock LLP
Suite 2750, 303 Peachtree Street, N.E.
Atlanta, GA 30308

Robert J. Solomon
Solomon Baggett, LLC
3763 Rogers Bridge Road
Duluth, GA 30097

Mallory Velten
Brock & Scott, PLLC
4360 Chamblee Dunwoody Road, Suite 310
Atlanta, GA 30341

Thomas M. Barton
COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046

Shaun M. Daugherty
Coles Barton LLP
Suite 2900, 191 Peachtree Street, NE
Atlanta, GA 30303-1775

Aaron P.M. Tady
Coles Barton LLP
Suite 100 , 150 South Perry Street
Lawrenceville, GA 30046

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200, 260 Peachtree Street, NW
Atlanta, GA 30303