**IT IS ORDERED as set forth below:**

**Date: March 28, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| LESLIE D. HUGHES, | : | BANKRUPTCY CASE |
| | : | 17-52260-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| LESLIE D. HUGHES, | : | ADVERSARY PROCEEDING |
| | : | NO. 17-5169-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| J.P. MORGAN CHASE AND | : | |
| RELATED SUBSIDIARIES, SETERUS, | : | |
| INC., FEDERAL NATIONAL | : | |
| MORTGAGE ASSOCIATION, | : | |
| BROCK & SCOTT, PLLC (LLC), and | : | |
| FIRST AMERICAN TITLE, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the Motion for Summary Judgment (Doc. 73) (the "Motion"), filed by

Brock & Scott, PLLC ("B&S"). The Motion seeks judgment on certain counts of a sixteen-

1

count complaint (the "Complaint") filed by Leslie D. Hughes ("Plaintiff") against B&S, First American Title Insurance Company ("First American Title"), Federal National Mortgage Association ("Fannie Mae"), Seterus, Inc. ("Seterus"), and JPMorgan Chase Bank, N.A. ("JPMC") (collectively, the "Defendants").  The allegations in the Complaint involve real property located at 2270 Charleston Place, Lithia Springs, Georgia (the "Property") and mortgage loan transactions (the "Loans") between Plaintiff and Washington Mutual ("WaMu") in 2006, which resulted in the execution of a deed to secure debt on the Property (the "DSD").

Plaintiff opposes the Motion through her *Combined Brief in Opposition to Defendant Brock & Scott, PLLC's Motion for Summary Judgment, Objection to Evidence/Motion to Disregard Plaintiff's Cross Motion for Summary Judgment* (the "Response") (Doc. 77).  Plaintiff also seeks summary judgment in her favor against B&S.

## I.     Procedural History

Defendants previously filed motions to dismiss the Complaint (Docs. 16, 17, 24, 26) (the "Motions to Dismiss").  On April 13, 2018, the Court entered an Order granting in part and denying in part the Motions to Dismiss (the "April Order").  The April Order dismissed Counts 1, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16 17, and 18 of the Complaint as to all Defendants; dismissed Count 2 of the Complaint as to First American Title, Fannie Mae, JPMC, and B&S; and dismissed Counts 6 and 7 of the Complaint as to First American Title, Fannie Mae, JPMC, and Seterus.  The April Order left as the only potentially viable claims:

(1) Counts 6 and 7 against B&S for violations of subsections 1692g(a)-(b) of the Fair Debt Collections Practices Act (the "FDCPA") and the Georgia Fair Business Practices Act ("GFBPA"); and

(2) Count 2 against Seterus for violations of the Real Estate Settlement

2

Procedures Act[1] (the "Surviving Counts").

In the April Order, the Court analyzed Plaintiff's FDCPA and GFBPA claims against B&S, noting that, to succeed on such claims, Plaintiff must demonstrate the B&S is a "debt collector" as defined by Section 1692a(6) of the act. *See Gardner v. TBO Capital LLC*, 986 F. Supp. 2d 1324, 1332 (N.D. Ga. 2013) (citing *Reese v. Ellis, Painter, Ratteree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012)). The Court found, however, that the Complaint contained insufficient allegations as to: (1) B&S' operation of a business that has the principal purpose of (a) collecting debts due to another or (b) enforcing security interests, or (2) B&S' regularly attempting to collect debts due to another, such that the Court could conclude that B&S satisfies the definition of "debt collector" contained in 15 U.S.C. § 1692a(6). *See Reese*, 678 F.3d at 1218 ("So a party can qualify as a 'debt collector' by either [(1)] using an 'instrumentality of interstate commerce or the mails' in operating a business that has the principal purpose of [(a)] collecting debts [or (b) enforcement of security interest, if Section 1692f(6) is implicated,] or [(2)] by 'regularly' attempting to collect debts.").

The Court further concluded that "Plaintiff does not assert or plead facts in the Complaint that [B&S'] actions violated any" subsection of the FDCPA other than §§ 1692g(a)-(b) (failure to validate a debt). The Court granted Plaintiff leave to amend the Complaint as to Counts 6 and 7 to plead additional facts regarding B&S' status as a "debt collector" for purposes of maintaining a claim under §§ 1692g(a)-(b), to wit, that she responded to B&S' foreclosure notices fully disputing the amount and validity of the claim, that B&S received her timely request to validate the debt, and B&S did not stop the foreclosure proceedings or provide validation of the debt.

On June 1, 2018, Plaintiff filed Motion for Leave to Amend Complaint (Doc. 61) (the "Motion to Amend"), to which she attached a proposed amended complaint (the "PAC"). On

---

[1] The Court dismissed this claim on September 27, 2018, upon the motion to dismiss filed by Seterus. *See* Doc. 67.

3

September 27, 2018, the Court denied the Motion to Amend, but noted that the FDCPA and GFBPA counts would be "deemed filed only as to B&S in accordance with the [April] Order, which specifically granted Plaintiff leave to amend Counts 6 and 7 of the Complaint with regard to B&S." (Doc. 66) (the "Order on the Motion to Amend").

On October 24, 2018, B&S filed the Motion, seeking summary judgment as to the remaining FDCPA and GFBPA counts. In the Motion, B&S seeks judgment on the basis that, even if the Court concludes that B&S is a "debt collector," B&S did not violate the FDCPA by failing to respond to Plaintiff's request to validate the debt secured by the Property. B&S relies on evidence, in the form of an affidavit, to support its position that B&S responded to Plaintiff's requests as required.

Plaintiff asserts that the claims she pled against B&S under the FDCPA did not include a violation of §§ 1692g(a)-(b) and that B&S' Motion fails to address her actual claims against B&S, as they are currently pled in Counts 5 and 6 of the PAC. Plaintiff speculates that B&S has not filed the Motion in good faith and asks the Court to strike the Motion and its related affidavit and exhibits on the basis that B&S has not addressed her actual claims, which involve "[money taken from the Plaintiff without legal entitlement under the threat of taking the Plaintiff's home"; [f]alsification of Documents recorded against the Plaintiffs [sic] property to achieve the taking of the Plaintiff's home"; and "[t]he resulting damage to the Plaintiff from the Defendants [sic] illegal activity."

The Court observes that B&S addressed its Motion to a claim brought under §§ 1692g(a)-(b) because the April Order clearly construed the Complaint to assert such a claim against B&S. The April Order also concluded that the Complaint did not allege facts to support any other violation of the FDCPA or GFBPA and dismissed for failure to state a claim any such claims

4

against all of the defendants, including B&S. After Plaintiff filed the Motion to Amend, the Court's Order on the Motion to Amend deemed the remaining counts of the Complaint amended only in accordance with the April Order, which gave Plaintiff leave to amend Counts 6 and 7 with regard to only her allegations regarding B&S's status as a debt collector. Any additional facts asserted in the PAC as to that issue are not relevant to the Motion, however, as B&S seeks judgment on the basis that, even if it is a debt collector, it did not violate §§ 1692g(a)-(b). Therefore, the Court cannot agree with Plaintiff that the Motion and its related affidavit should be stricken as not relevant. B&S is correctly proceeding as if the only remaining claims in the Complaint, as amended in a very limited manner by the PAC, are that B&S violated §§ 1692g(a)-(b) and, by extension, the GFBPA.

## II.     Undisputed Facts[2]

On or about August 1, 2016, B&S was retained by Seterus, as servicer for Fannie Mae, to initiate foreclosure proceedings against the Property. B&S's Statement of Undisputed Facts ("BSUF"), ¶ 3. In connection with the initiation of foreclosure proceedings, on August 5, 2016, B&S sent a letter to Plaintiff (the "FDCPA Letter") which provided that Plaintiff had thirty (30) days from the receipt of the letter to dispute the stated debt. *Id*. ¶3.

On or about August 16, 2016, Plaintiff faxed a letter dated August 12, 2016, that disputed the debt to B&S (the "Dispute Letter"). *Id*. ¶ 4. On August 19, 2016, B&S responded to

---

[2] B&S filed a "separate and concise statement of the material facts, numbered separately, as to which the B&S contends no genuine issue exists to be tried," as required by BLR 7056-1. Plaintiff has attached a response to the statement, in which she objects to the facts for various reasons, including the lack of relevance because the facts are those pertaining to Plaintiff's claims under §§ 1692g(a)-(b). As explained above, as the Court has construed Plaintiff's sole remaining claims to be claims under §§ 1692g(a)-(b), these facts are relevant. Further, in many cases, Plaintiff has included additional facts that she believes are relevant to a fact stated by B&S, but she has not "specifically controverted" such facts, and therefore, the Court has deemed certain facts admitted. *See* BLR 7056-1(a)(2). In all instances, the Court has viewed "the evidence and factual inferences in the light most favorable to [Plaintiff], as required on a motion for summary judgment." *Parton v. United Parcel Serv*., 2005 WL 8154268, at *2 (N.D. Ga. Aug. 2, 2005).

Plaintiff's Dispute Letter via certified mail (the "Dispute Response"). *Id*. ¶ 5. Plaintiff received and signed for the Dispute Response on August 24, 2016. *Id*. ¶ 6. By letter dated August 19, 2016, B&S provided Plaintiff with a copy of the Notice of Foreclosure Sale via certified mail (the "Notice of Sale Letter"), advising that a foreclosure sale was scheduled for October 4, 2016. (Patrick Taggart Affidavit, ¶ 20 and Exhibit "G"). *Id*. ¶ 7.

On November 21, 2016, Plaintiff faxed a letter dated November 20, 2016, disputing the debt to Seterus ("Dispute Letter 2"), and Seterus responded to Dispute Letter 2 by letter dated December 14, 2016, and sent to Plaintiff via FedEx 2Day Delivery ("Dispute Response 2"). *Id*. ¶ 9.

By letter dated December 15, 2016, B&S provided Plaintiff with a copy of the Notice of Foreclosure Sale *via* certified mail ("Notice of Sale Letter 2"), advising that a foreclosure sale was scheduled for February 7, 2017. *Id*. ¶ 10. On or about December 17, 2016, B&S received a letter from Plaintiff dated December 15, 2016, disputing the debt ("Dispute Letter 3") *via* facsimile. *Id*. ¶ 11. Dispute Letter 3 advised that Plaintiff had received an acknowledgment of Dispute Letter 2 but had not yet received a response. *Id*. ¶ 12. On or about December 15, 2016, B&S acknowledged Dispute Letter 3, but did not formally respond because B&S was provided with a copy of Seterus's response of December 14, 2016 to Dispute Letter 2. *Id*. ¶ 13.

### III. Conclusions of Law

#### A. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct.

6

2548, 2552 (1986). "The substantive law [applicable to the case] will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248, 251-52, 106 S. Ct. at 2510, 2511-12. The party moving for summary judgment has "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (citing *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2553).

When, as here, the nonmoving party has the burden of proof at trial, the moving party, ordinarily, may "simply . . . point out to the . . . court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 1437. However, "Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case" and courts "generally should not grant summary judgment until the party opposing has had an opportunity to conduct discovery." *Desimoni v. TBC Corp*., 2016 WL 1572391, at *1–2 (M.D. Fla. Apr. 19, 2016) (citing *Kahama VI, LLC v. HJH, LLC,* 2014 WL 521085, at *3 (M.D. Fla. Feb. 10, 2014); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988)). Further, when reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

In this case, B&S seeks judgment as a matter of law because, even assuming for the sake of argument that B&S is a "debt collector" within the meaning of the FDCPA, Plaintiff's claims under the FDCPA and GFBPA fail because the claims are based on Plaintiff's allegation that B&S failed to respond to Plaintiff's dispute of a debt, but the undisputed facts demonstrate that B&S did in fact respond.

### B. **FDCPA and GFBPA**

In the April Order, the Court interpreted the Complaint to allege that B&S violated the FDCPA and the GFPBA when it failed to validate her loan and failed to cease collection efforts after receipt in writing of her dispute of a debt. 15 U.S.C. §§ 1692g(a)-(b). Specifically, Plaintiff alleged that she responded to B&S' foreclosure notices fully disputing the amount and validity of the claim. The Court noted that the exhibits attached to the Complaint show that Plaintiff timely requested B&S validate her debt when she received B&S' various foreclosure notices[3] and that Plaintiff further alleged that she sent her responses *via* both fax and certified mail, but, although B&S received both, it did not stop the foreclosure proceedings or provide validation of the debt. In the April Order, the Court did not dismiss these limited portions of the Complaint and allowed Plaintiff an opportunity to amend the Complaint to plead additional facts to support the conclusion that B&S is a "debt collector." All other claims against B&S, however, were dismissed and remain dismissed. For this reason, and contrary to Plaintiff's arguments in the Response, B&S properly moved for summary judgment with regard to these claims only. Further, Plaintiff's Cross Motion for Summary Judgment as to the claims that have been dismissed must be denied, as the Court cannot grant judgment in favor of Plaintiff on claims that have been dismissed.

---

[3] Complaint at Exhibit 19B, Exhibit 17.

8

The FDCPA provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a).

"If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." *Id*. § 1692g(b). "Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

9

Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id.* "The FDCPA does not require that the debt collector validate a debt every time a consumer requests that it do so." *Taylor v. Nationstar Mortg., LLC*, 2016 WL 6662734, at *6 (N.D. Ga. July 29, 2016), report and recommendation adopted in part, rejected in part on other grounds, 2016 WL 7131593 (N.D. Ga. Aug. 22, 2016) ("Section 1692g of FDCPA provides consumers the opportunity to dispute and seek verification only after the debt collector's initial communication with the consumer." (citing *Munroe v. Specialized Loan Servicing, LLC*, 2016 WL 1248818, at *7 (E.D.N.Y. Mar. 28, 2016)).

The facts as established by B&S in its Statement of Undisputed Facts demonstrate that: (1) on August 5, 2016, B&S sent a letter to Plaintiff stating that Plaintiff had thirty (30) days to dispute the stated debt; (2) Plaintiff timely disputed the debt stated in the letter dated August 5, 2016, by faxing a letter to B&S on August 16, 2016; (3) B&S timely responded to Plaintiff's dispute *via* certified mail on August 19, 2016; (4) Plaintiff signed for the response on August 24, 2016; (5) B&S sent Plaintiff the Notice of Foreclosure Sale, also *via* certified mail, on August 19, 2016; and (6) B&S caused the first publication of the Notice of Sale on September 7, 2016, after B&S responded to Plaintiff's dispute and verified Plaintiff's debt. *See* Doc. 73 (Exhs. 3 & 8). Accordingly, B&S took no collections efforts that would have violated 15 U.S.C. § 1692g(a) or § 1692g(b). There are no genuine issues of material fact in dispute as to that point, and B&S is entitled to summary judgment as a matter of law as to Plaintiff's FDCPA claim.

Plaintiff has further alleged that B&S's actions that violated the FDCPA were also intentional violations of the GFBPA. O.C.G.A. § 10-1-390 *et seq.* A violation of the FDCPA is necessarily also a violation of the FBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*,

288 Ga. App. 457 (2007); *Gilmore v. Account Mgmt.*, 357 F. App'x 218, 221 (11th Cir. 2009). For the reasons stated above, the undisputed facts show that Plaintiff's claim for violations of the GFBPA also fails, and B&S is entitled to summary judgment.

### IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that the Motion for Summary Judgment is **GRANTED;**

IT IS FURTHER ORDERED that Plaintiff's Cross Motion for Summary Judgment is **DENIED**;

IT IS FURTHER ORDERED that the Complaint, as amended in limited part by the PAC, has **now been resolved fully with regard to all claims against all Defendants**;

IT IS FURTHER ORDERED that a separate judgment will be entered in favor of B&S in accordance with this Order.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Leslie D. Hughes
2270 Charleston Place
Lithia Springs, GA 30122

Brian Frederick Hansen
Kutak Rock LLP
Suite 2750, 303 Peachtree Street, N.E.
Atlanta, GA 30308

Robert J. Solomon
Solomon Baggett, LLC
3763 Rogers Bridge Road
Duluth, GA 30097

Mallory Velten
Brock & Scott, PLLC
4360 Chamblee Dunwoody Road, Suite 310
Atlanta, GA 30341

Thomas M. Barton
COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046

Shaun M. Daugherty
Coles Barton LLP
Suite 2900, 191 Peachtree Street, NE
Atlanta, GA 30303-1775

Aaron P.M. Tady
Coles Barton LLP
Suite 100 , 150 South Perry Street
Lawrenceville, GA 30046

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200, 260 Peachtree Street, NW
Atlanta, GA 30303