**IT IS ORDERED as set forth below:**

**Date: June 6, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| LESLIE D. HUGHES, | : | BANKRUPTCY CASE |
| | : | 17-52260-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| LESLIE D. HUGHES, | : | ADVERSARY PROCEEDING |
| | : | NO. 17-5169-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| J.P. MORGAN CHASE AND | : | |
| RELATED SUBSIDIARIES, SETERUS, | : | |
| INC., FEDERAL NATIONAL | : | |
| MORTGAGE ASSOCIATION, | : | |
| BROCK & SCOTT, PLLC (LLC), and | : | |
| FIRST AMERICAN TITLE, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is *Plaintiff's Omnibus Motion for Clarification, Formal Request for Findings of Fact and Conclusions of Law, Motion for a New Trial/Set Aside Judgment* (Doc. 96)

1

(the "Motion"), in which Leslie D. Hughes ("Plaintiff") seeks reconsideration of various rulings made throughout the course of this litigation, which involves Plaintiff's complaint, as amended (the "Complaint") against Brock & Scott ("B&S"), First American Title Insurance Company ("First American Title"), Federal National Mortgage Association ("Fannie Mae"), Seterus, Inc. ("Seterus"), and JPMorgan Chase Bank, N.A. ("JPMC") (collectively, the "Defendants"). The allegations in the Complaint involve real property located at 2270 Charleston Place, Lithia Springs, Georgia (the "Property") and mortgage loan transactions (the "Loans") between Plaintiff and Washington Mutual ("WaMu") in 2006, which resulted in the execution of a deed to secure debt on the Property (the "DSD"). Defendants First American Title (Doc. 100), JPMC (Doc. 101), Fannie Mae, and Seterus (Doc. 98) oppose the Motion.

Defendants previously filed motions to dismiss the Complaint (Docs. 16, 17, 24, 26) (the "Motions to Dismiss"). On April 13, 2018, the Court entered an Order granting in part and denying in part the Motions to Dismiss (the "April Order"). The April Order dismissed Counts 1, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16 17, and 18 of the Complaint as to all Defendants; dismissed Count 2 of the Complaint as to First American Title, Fannie Mae, JPMC, and B&S; and dismissed Counts 6 and 7 of the Complaint as to First American Title, Fannie Mae, JPMC, and Seterus. The April Order left as the only potentially viable claims:

(1) Counts 6 and 7 against B&S for violations of subsections 1692g(a)-(b) of the Fair Debt Collections Practices Act (the "FDCPA") and the Georgia Fair Business Practices Act; and

(2) Count 2[1] against Seterus for violations of the Real Estate Settlement Procedures Act (the "Surviving Counts").

---

[1] The Court dismissed this claim on September 27, 2018, upon the motion to dismiss of Seterus. *See* Doc. 67.

2

The April Order allowed Plaintiff the opportunity to amend the Surviving Counts within twenty-one days and to amend the Complaint to comply with the requirements for a private citizen filing a claim under the False Claims Act. The April Order also made clear that failure to do so would result in the dismissal of the remainder of the Complaint.

On April 26, 2018, Plaintiff filed an Emergency Motion for Reconsideration. (Doc. 54). While the Court denied Plaintiff's request to reconsider the dismissal of the various counts of the Complaint, the Court did grant Plaintiff an extension of time to file the amendments to the Surviving Counts (the "May 22nd Order"). Specifically, the Court gave Plaintiff fourteen days from the date of the entry of the order to file the amendments. The additional fourteen-day period expired on June 5, 2018.

On June 1, 2018, Plaintiff filed a motion for leave to amend the Complaint (the "Motion for Leave to Amend"), to which she attached a proposed amended complaint (the "PAC"). Through the Motion for Leave to Amend, Plaintiff sought permission to amend counts of the Complaint that the Court dismissed on April 13, 2018, and to add two additional counts for damages due to Defendants' failure to terminate the DSD and the negligent conduct of all Defendants.

On September 27, 2018, the Court denied the Motion for Leave to Amend after concluding that, because the PAC failed to state a claim upon which relief could be granted, the proposed amendment would be futile (the "September Order") (Doc. 66). On October 11, 2018, Plaintiff filed *Plaintiff's Combine Motions to Alter or Amend Judgment and Requests for Oral Arguments* (the "Second Motion to Reconsider"), seeking reconsideration of the September Order and requesting oral argument (Doc. 70). On October 17, 2018, Plaintiff filed *Plaintiff's Combined Motions for Leave to Supplement and Amend Plaintiff's Request for Reconsideration and a Motion*

*to Strike* (Doc. 71) (the "Motion to Supplement").

By Order entered on March 28, 2019 (the "March 28th Order"), the Court granted the Motion to Supplement, to the extent that the Motion to Supplement requested the Court reconsider the September Order under Rule 60(b) of the Federal Rules of Civil Procedure, but denied the Motion to Supplement to the extent that it requested striking of portions of the Defendants' briefs under Rule 12(f), concluding that the relief sought by Plaintiff was not available under Rule 12(f).[2] The Court also denied the Second Motion to Reconsider to the extent that it sought reconsideration of the April Order and the September Order because the Court previously denied such relief in the May 22nd Order (*see* BLR 9023-1 (stating that parties "shall not file motions to reconsider the Bankruptcy Court's denial of a prior motion for reconsideration") and "Plaintiff's most recent filings include nothing that would warrant reconsideration of the May 22nd Order."  The Court noted that, in support of the Second Motion to Reconsider the September Order, Plaintiff simply argued "that the Court's analysis is wrong and that the Court has misapprehended the nature of her claims."

On March 28, 2019, the Court granted the Motion for Summary Judgment (Doc. 73), filed by B&S, resolving the last remaining counts of the Complaint—Counts 6 and 7 against B&S for violations of subsections 1692g(a)-(b) of the Fair Debt Collections Practices Act (the "FDCPA") and the Georgia Fair Business Practices Act—in favor of B&S (Doc. 89).[3]  Concurrently with the

---

[2] In her *Combined Motions for Leave to Supplement and Amend Plaintiff's Request for Reconsideration and a Motion to Strike* (Doc. 71) and her brief in support (Doc. 72), Plaintiff moved to strike Defendants' "affirmative allegations and defenses about the sufficiency of the Plaintiffs [sic] rescission twelve years ago" as irrelevant to the disputes raised in the Complaint.  The Court denied the motion because the Court had already relied upon Defendants' argument that Plaintiff lacked a right of rescission under TILA in dismissing portions of the Complaint.  Accordingly, the Court could not conclude that the material Plaintiff moved to strike was irrelevant.

[3] It appears from Plaintiff's Omnibus Reply to Defendants Response to Plaintiff's Request for Clarification: "Out of Whole Cloth" (Doc. 109) that Plaintiff may not have received a copy of the Order (Doc. 89), which is twelve pages, including the distribution list, and contains the Court's reasoning as to why summary judgment was granted in favor of B&S, as referenced in the Judgment (Doc. 90).

4

entry of that order, the Court entered separate judgment in favor of B&S, as required by Rule 7054 of the Federal Rules of Bankruptcy Procedure (Doc. 90).[4]

Although Plaintiff insists that she does not seek reconsideration, but merely clarification of the Court's prior rulings, Plaintiff does ask the Court to correct perceived errors of fact and law and to change course from the rulings it made in the April Order. Therefore, Plaintiff is requesting reconsideration of the April Order, which she has sought and been denied twice. This Court's local rules do not permit the filing of a motion to reconsider the denial of a motion to reconsider. *See* BLR 9023-1. As stated in the March 28th Order, Plaintiff continues to disagree with the Court's legal conclusions and to assert that Defendants have raised issues in their defense that are not relevant to her claims, but has provided the Court with nothing that would warrant reconsideration of the April Order or the March 28th Order.

For example, Plaintiff states in her Omnibus Response to Defendants' Reply (Doc. 109) that the Court "determined that Plaintiff did not rescind" the transactions at issue, notwithstanding Plaintiff's clear showing that she provided notice to WaMu in 2006 of a rescission under TILA. But in fact, the Court dismissed Plaintiff's request for declaratory relief regarding the status of the title of the Property because it agreed with Defendants that Plaintiff lacked a right to rescind under TILA to have exercised in the first place. In her subsequent filings, Plaintiff has continued to assert that she had a right of rescission under TILA and that all it required for exercise was the provision of notice to WaMu. Plaintiff provides no basis upon which the Court could reconsider that conclusion. Rather, she simply ignores the existence of that conclusion and its impact on her other claims for relief.

Further, Plaintiff asserts that the Court has been blinded by the Defendants' "failed

---

[4] On March 29, 2019, the Court denied Plaintiff's Motion for Partial Summary Judgment (Doc. 79) because all counts of the Complaint had been fully resolved against Plaintiff. *See* Doc. 91.

5

rescission claim" and has ignored Plaintiff's allegations of fraud with regard to the changing of loan numbers and questions regarding the ownership of the DSD. The Court painstakingly considered those allegations in connection with Plaintiff's Motion for Leave to Amend the Complaint and denied the motion for leave to amend after concluding, for various reasons that are outlined in the September Order, that the PAC failed to state a claim upon which relief could be granted (Doc. 66).

Plaintiff also takes issue with the Court's decision, in the April Order, that any claim for rescission under the Georgia Fair Lending Action ("GAFLA") failed to state a claim due to preemption. Plaintiff submits that the Court inappropriately dismissed her claim under GAFLA because preemption was not raised by the Defendants and preemption is a waiveable, affirmative defense. The Complaint, however, did not clearly put Defendants on notice of a claim for rescission under GAFLA sufficient to expect Defendants to plead a preemption defense. Even Plaintiff recognized this, noting in her motion to reconsider the April Order (Doc. 54) that "Plaintiff made no claims against any of the Defendants for violation of GAFLA." Doc. 54 at p. 6. Although the Complaint did not appear to rely on GAFLA, the Court, in an effort to be thorough and in recognition of the fact that Plaintiff was proceeding without counsel, considered whether the facts alleged in the Complaint might support such a claim, but concluded that preemption would be an available defense. Plaintiff herself admitted that she pled no claim under GAFLA that would have alerted Defendants of the need to plead preemption. Accordingly, the Court is not persuaded that it erred in dismissing the portion of the Complaint that sought declaratory relief as to the validity of the DSD.

The Court notes, however, that, given Plaintiff's status as a *pro se* litigant, Plaintiff's

6

request for clarification as to the status of the lawsuit is appropriate and will be granted.[5] As noted above:

Counts 1, 3, 4, 5, and 8 through 18 were dismissed as to all Defendants on April 13, 2018 (Doc. 51);

Count 2 was dismissed as to First American Title, JPMC, and B&S on April 13, 2018 (Doc. 51), and as to Seterus on September 27, 2018 (Doc. 67);

Counts 6 and 7 were dismissed as to First American Title, Fannie Mae, JPMC, and Seterus on April 13, 2018 (Doc. 51); and

The remainder of Counts 6 and 7 were resolved by entry of summary judgment in favor of B&S on March 28, 2019 (Docs. 89 & 90).

Accordingly, all counts of the Complaint have been dismissed or resolved in favor the Defendants on summary judgment. **There are no further requests for relief remaining to be considered by the Court.**

Finally, in the event the Court denies the Motion, Plaintiff has requested a "stay of these proceedings pending appeals." This Court has the authority to "stay a judgment, order, or decree . . . pending appeal" and to "suspend or order the continuation of other proceedings in the case" or "issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest." FED. R. BANKR. P. 8007(a); (e); *see also Matter of Webb*, 2017 WL 5125538, at *1 (Bankr. N.D. Ga. Nov. 3, 2017) (Drake, J.) ("The decision as to whether or not to grant such a stay lies within the sound discretion of the court," and "determining whether a discretionary stay

---

[5] Plaintiff takes issue with the fact that the Court has not held any hearings on the various motions that have been filed in this adversary proceeding. Pursuant to local rule, "[m]otions will be decided by the Bankruptcy Court without a hearing, unless a hearing is ordered by the Bankruptcy Court." BLR 7007-1(f). Defendants have never requested oral arguments on their motions, and in each instance in which Plaintiff requested a hearing, the Court concluded that a hearing would not aid the Court in the resolution of the matters.

7

should be granted, courts have adopted a test comprised of four factors: (1) the likelihood that the movant will prevail on the merits of appeal; (2) whether, absent a stay, the movant will suffer irreparable damage; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served, rather than disserved, by issuing the stay.").

Plaintiff's one-sentence request in her motion for reconsideration does not put the parties or the Court on notice as to the nature of the stay requested or as to her entitlement to a stay, and also fails to meet Plaintiff's burden of demonstrating that a stay is warranted. *Id*. ("In fact, Debtors' Motion contains no arguments or assertions that lend even the smallest amount of support to the Debtors' Motion."). Further, the Court has previously denied Plaintiff's request for a stay pending appeal, and Plaintiff has offered nothing in her renewed request to justify the Court's deviating from its earlier ruling. *See* Doc. 59.

For the reasons stated above, the Court grants Plaintiff's request for clarification of the status of this litigation, but the remainder of *Plaintiff's Omnibus Motion for Clarification, Formal Request for Findings of Fact and Conclusions of Law, Motion for a New Trial/Set Aside Judgment* (Doc. 96) is **DENIED**.

**END OF DOCUMENT**

# DISTRIBUTION LIST

Leslie D. Hughes
2270 Charleston Place
Lithia Springs, GA 30122

Brian Frederick Hansen
Kutak Rock LLP
Suite 2750, 303 Peachtree Street, N.E.
Atlanta, GA 30308

Robert J. Solomon
Solomon Baggett, LLC
3763 Rogers Bridge Road
Duluth, GA 30097

Mallory Velten
Brock & Scott, PLLC
4360 Chamblee Dunwoody Road, Suite 310
Atlanta, GA 30341

Thomas M. Barton
COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046

Shaun M. Daugherty
Coles Barton LLP
Suite 2900, 191 Peachtree Street, NE
Atlanta, GA 30303-1775

Aaron P.M. Tady
Coles Barton LLP
Suite 100 , 150 South Perry Street
Lawrenceville, GA 30046

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200, 260 Peachtree Street, NW
Atlanta, GA 30303